BOSTON & A. R. CO. et al. v. PARR.

(Circuit Court of Appeals, Fourth Circuit. November 8, 1900.)

No. 356.

EQUITY PLEADING—SUFFICIENCY OF BILL—STATEMENT OF CAUSE OF ACTION.

A bill filed by alleged creditors of a corporation against its directors, to hold them liable for the amount of its indebtedness to complainants, because of their alleged violation of the statute in their conduct of its business, must set out the facts relating to complainants' claims against the corporation with particularity, so as to advise the defendants explicitly of what they are required to meet; and an allegation in such a bill that the corporation is indebted to a complainant in a sum "exceeding $239,-000," on a contract of indemnity and insurance against liability for death or injury of employés, etc., bearing a certain date (a copy of the form of such contract being set out), is wholly insufficient, where there is no statement of the happening of any occurrence which it is claimed created a liability under such contract, or of any facts showing how or when any part of such liability arose, or that any claims or proofs were ever submitted to the company on account of it.

Appeal from the Circuit Court of the United States for the District of Maryland.

Bernard Carter and Charles J. Bonaparte, for appellants.
Richard M. Venable and George Leiper Thomas, for appellee.

Before GOFF and SIMONTON, Circuit Judges, and BRAWLEY, District Judge.

SIMONTON, Circuit Judge. This case comes up on appeal from a decree of the circuit court of the United States for the district of Maryland. The crucial question in the appeal is one of practice in equity. The complainants are creditors of the American Casualty Insurance & Security Company of Baltimore City, a corporation of the state of Maryland. The bill is filed to enforce the joint and several liability of the defendants, directors of said company, for an infringement of their duty as directors. The liability, it is alleged, is created under the charter of the said company. The original bill was held by the court to be defective on demurrer. Leave was given to amend the bill. The paragraphs following were thereupon inserted in the bill:

"That your orators are all creditors of the said American Casualty Insurance and Security Company of Baltimore City in large sums, exceeding in the case of each one of your orators the sum of $2,000, by reason of debts contracted by the said American Casualty Insurance and Security Company of Baltimore City with them, respectively, at various dates and times, some of them prior to any, and all of them prior to some, of the said hereinbefore recited illegal and improper loans of the said corporation to its stockholders as aforesaid, and at such times as to render all of the parties defendant herein liable, by reason of the statute aforesaid, for certain of the debts so contracted; and by reason thereof your orators are entitled to have the amounts of their said claims ascertained, and the responsibility of the several directors of the said corporation, as determined by the dates of their respective services as such, and the making of the said last-mentioned contracts by the said last-mentioned corporation with your orators, respectively, and of the various illegal and unauthorized loans above described, determined by a decree of a court of equity, with a view to prevent a multiplicity of actions and to secure the just and equitable rights of all the many parties concerned; and your orators expressly show to this honorable court that of their said last-mentioned claims, amounting in the aggregate to about one million of dollars, and whereof the details will hereafter be made to appear, by proper evidence, to the satisfaction of this honorable court, no portion whatsoever has been as yet paid them.

"That the said American Casualty Insurance & Security Company of Baltimore City contracted the debts in this suit sought to be recovered by your several orators at the times and in the manner following; that is to say: Debts exceeding in the aggregate five hundred dollars to your orator the Boston & Albany Railroad Company, by a contract of indemnity and insurance authorized by the charter of the said American Casualty Insurance & Security Company of Baltimore City, on July 13, 1891; debts to an amount thus exceeding fifty-one thousand dollars to your said orator, by a similar contract, on July 13, 1892; debts thus exceeding fifty-eight thousand dollars to your said orator, by a similar contract, on July 13, 1893; debts thus exceeding ten thousand dollars to your orators so as aforesaid doing business as Jordan, Marsh & Co., by a similar contract, on April 29, 1892; debts thus exceeding one hundred and fifty thousand dollars to your orator the Long Island Railroad Company, by a similar contract, on August 5, 1892; and debts thus exceeding sixty-eight thousand dollars to your said orator, by a similar previous contract, on August 5, 1891; debts thus exceeding one hundred and two thousand dollars to your orator the Boston & Maine Railroad Company, by a similar contract,

on December 31, 1891: debts thus exceeding six hundred dollars to your orator the Cochrane Chemical Company. by a similar contract, on August 1, 1891; debts to an amount not less than ten thousand dollars to your said last-mentioned orator, by a similar contract, on August 1, 1892; debts exceeding in the aggregate five thousand dollars to your orator the New England Telephone & Telegraph Company, by a similar contract, on October 12, 1892; debts thus exceeding twenty-seven thousand dollars to your orator the Concord & Montreal, by a similar contract, on November 24, 1891; debts thus exceeding nineteen thousand dollars to your said last-mentioned orator, by a similar contract. on November 24, 1892; and debts thus exceeding three hundred and twenty-nine thousand dollars to your orator the West End Street-Railway Company, by a similar contract, on August 1, 1891. That the said contracts were all in writing, and all substantially, and in all respects whatsoever in any wise material to the present controversy, or the rights of any party to this suit. whether complainant or defendant, of the tenor indicated by a blank form used by the said corporation for such purpose, herewith filed. marked 'Complainants' Exhibit B,' and prayed to be taken as part of this amended bill of complaint. That. whilst the said several debts above mentioned were so contracted as is hereinbefore set forth. the losses incurred by your orators, respectively, and whereas they were so entitled to indemnity by the terms of the contracts aforesaid as to cause the said American Casualty Insurance & Security Company of Baltimore City to be thereunder indebted to your orators in the several amounts above enumerated. were incurred at such dates and times that none of them became or were due or payable by the said American Casualty Insurance & Security Company of Baltimore City more than three years before the institution of this suit. but all of them are now due and payable, and none of them have been paid. either wholly or in part, to the said several creditors, or any of them, and all of the said debts were contracted and became due and payable at such dates and times, respectively, as to render each one of the parties defendant to the present suit liable for more than two thousand dollars thereof to each one of the parties complainant, as well by reason of the matters and things hereinabove set forth, as of the matters and things in this bill of complaint hereinafter contained."

The Exhibit B referred to in the amended bill is a form in blank of the policies issued by the American Casualty Insurance & Security Company of Baltimore City. The defendants demurred to this amended bill on various grounds. Among others is the following:

"That it does not appear by said bill to what extent the said plaintiffs, or any one of them, are creditors of the said American Casualty Insurance & Security Company of Baltimore City, when they, or any of them, become such creditors, and how and from what the alleged indebtedness to them or any of them arose, and there is no such allegation of the amounts, times, and nature of said claims or indebtedness in paragraphs 12 and 13 of said bill, or elsewhere, and that said bill states no cause of action or suit as entitles said plaintiffs, or any of them, to the relief prayed, and that said plaintiffs consequently are not entitled to such relief."

This demurrer was sustained. The bill was dismissed. Assignments of error were filed, an appeal was allowed, and the cause comes here.

The question is, was the court below in error in sustaining the demurrer? The rule of all pleading, whether at law or in equity or admiralty, is that the party seeking relief at the hands of the court must state the facts on which his prayer rests, clearly, distinctly, fully, and accurately, so that the party against whom relief is sought may know to what he must answer. "Whatever is essential to the rights of the plaintiff, and is necessarily within his knowledge, ought to be alleged positively and with precision."

Mitf. Eq. Pl. marg. p. 41. Or, as it is put in a note to the sixth American and the fifth London editions of the same book:

"In setting forth such right and title [of plaintiff], the governing principle is that so much certainty must pervade the statement as to prevent the defendant from being taken by surprise. He must be permitted to know explicitly what the complaint against him is, and not be compelled to guess it under the form of a general charge. There must be such a specification as will enable him to meet the alleged fact by a direct issue, and thereby countervail the general charge. But after alleging such specific act or fact the plaintiff need not set forth numerous circumstances merely going to make out or corroborate such specification."

To the same effect is 1 Daniell, Ch. Prac. p. 364 (stating part of bill), and Story, Eq. Pl. §§ 27, 28. The bill must show distinctly and unambiguously all the facts entitling the party to relief. 1 Smith, Rules, § 83, and note "a." As is said in Harrison v. Nixon, 9 Pet. 504, 9 L. Ed. 209:

"The bill should allege all the material facts upon which the plaintiff's title depends, and the final judgment of the court must be given so as to treat them, in contestation, in a proper and regular manner."

Especially must this rule be strictly followed in a case like that before the court, in which the complainants seek to hold the defendants responsible for a debt due by a corporation which is not, and should not be, a party to the suit, and is not in any wise represented therein. The debt or claim must be set forth with such particularity as will enable the defendants to see precisely what claim they are called upon to meet. The amended bill in this case sets out that the American Casualty Insurance & Security Company of Baltimore City contracted the debts in this suit sought to be recovered at the times and in the manner following: By a contract of indemnity and insurance authorized by the charter of said company. Looking at the form of contract of indemnity and insurance filed as an Exhibit B to the bill, the contract is in these words:

"Against all liability of the assured on account of the personal injury or death of any employé, passenger, or other person, and on account of loss or damage to horses, vehicles, or merchandise owned by others, resulting from any and every accident happening upon the premises or by reason of the operation of the road hereby insured, or, in the case of any employé, elsewhere, while in the service of the assured. But the company's liability under the policy shall be limited as follows: In respect to any one accident it shall not exceed $———. In respect to any one person who may be injured it shall not exceed $———. In respect to any one person who may be killed it shall not exceed $———. In respect to any horse, vehicle, or for merchandise, it shall not exceed for any one accident $———, but the company shall not be liable for any loss in respect to any horse, vehicle, or for merchandise, unless amounting to $25.00 or more."

This is followed by eight clauses specifying the conditions on which the company shall be held liable, and ending:

"And this policy shall only cover losses sustained by, and liability for any claims against, the assured, as above specified, between the ——— day of ———, eighteen hundred and ninety ———, to the ——— day of ———, eighteen hundred and ninety ———, at 12 o'clock noon, to be paid at the office of the company in the city of Baltimore, or at its office in the city of New York, within thirty days after the proof of loss, injury, or death has been duly verified by

the assured and has been received and accepted by the company; such payment being subject to the covenants and agreements herein."

To be informed as to the character of a claim against the corporation under a contract of this kind, it should appear when the accident occurred; the amount claimed and paid for it; the number of persons injured, and the amount claimed and paid for each; the number of persons killed, and the amount claimed and paid for each; the amount claimed and paid for any horse, vehicle, and merchandise injured in each accident. It should also appear that the loss occurred within the prescribed period, and that proof of loss had been verified by the assured, and had been received and accepted by the company. The bill states the claim in this way:

"Debts exceeding in the aggregate $500, to your orator the Boston & Albany Railroad Company, by a contract of indemnity and insurance authorized by its charter, on July 13, 1891; debts to an amount thus exceeding $51,000, to your said orator, by a similar contract, on July 13, 1892; debts thus exceeding $58,-000, to your said orator, by a similar contract, on July 12, 1893."

The claims of the other complainants are set forth in precisely the same form. The bill goes on to state that, although the debts were incurred on the days stated, the losses incurred were at dates later, and within three years before institution of this suit. It is evident, therefore, that the dates stated in the bill were the dates of the several policies. By these policies there was a contract to indemnify against liability. No debt arose under them until the occurrence of an accident of the character insured against, within the period fixed by the policy, and a presentation of a proof of loss, injury, or death, duly verified, and its receipt and acceptance by the company. All these created and fixed the debt. This debt, under the theory of the bill, defendant must pay; and of the debts, under the rules of pleading, defendant must be informed. The allegations of the bill not only give no information of this kind, but they do not give any intimation of it. Every fact attending his claim is known, or should be known, to each complainant. Yet it is carefully withheld, so that, when the defendants are examining the bill for the purpose of answering it, they can only "guess it under the general charge." There is no allegation that the claims have been proved or established against the corporation, or that they have ever been presented to and acknowledged by the corporation. From all that appears, they are now presented for the first time. The defendants are called upon to defend themselves against claims of which they know nothing, originating in causes outside of their knowledge, and of which they can in no way get information until the testimony is taken after issues joined in the cause. What can they learn from a statement that the American Casualty Insurance & Security Company is indebted to one of these complainants (the West End Street-Railway Company) in a sum exceeding $329,000, on the contract of indemnity and insurance? The liability under this contract is contingent upon the happening of certain facts within a certain time, verified in a certain way, presented to the company, and accepted by them. How can these defendants know of the existence of any of the facts, when and how they oc-

curred, whether or not they created just claims against the company, and whether or not the proper steps were taken to fix the liability of the company? Certainly they can get no information from the pleadings. And to this they are entitled by all the rules of pleading. As the bill now stands, it is a dragnet, leaving to the complainants an opportunity of proving anything they please, and completely mystifying the defendants as to the course they should pursue in obtaining means of defense. We see no error in the circuit court in sustaining this ground of demurrer.

This demurrer having been sustained, the complainants applied for leave to amend their complaint still further. This the circuit court refused to do. Under the thirty-fifth rule of court, this is a matter wholly within the discretion of the court. It is therefore not reviewable here. Murphy v. Stewart, 2 How. 263, 11 L. Ed. 261; Spencer v. Lapsley, 20 How. 264, 15 L. Ed. 902. The decree of the circuit court in sustaining the demurrer and in dismissing the bill on this ground is affirmed.